**In the Matter of the Tax Liability of Joseph T. BRETTO.**

**UNITED STATES of America, Plaintiff,**

v.

**NORTHERN CITY NATIONAL BANK, Raymond E. Chabot and George A. Kreager, Jr., Defendants.**

**Civ. Nos. 5-63-101, 5-64-23.**

United States District Court
D. Minnesota,
Fifth Division.
June 30, 1964.

1. Tucker v. United States, 9 Cir., 251 F. 2d 794; Giles v. United States, 9 Cir., 157 F.2d 588.

2. McDonald v. Humphrey, 8 Cir., 168 F. 2d 519.

Reavill, Neimeyer, Johnson & Killen, by Joseph B. Johnson, Duluth, Minn., and I. R. Galob, Hibbing, Minn., for Joseph T. Bretto.

Miles W. Lord, U. S. Atty., by Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Sullivan, McMillan, Hanft & Hastings, by Edward T. Fride and William P. O'Brien, Duluth, Minn., for defendants.

DONOVAN, District Judge.

This matter comes before the Court on application of the United States of America for enforcement of a summons issued by a special agent of the Internal Revenue Service pursuant to Title 26 U.S.C. § 7602. Joseph T. Bretto's petition to intervene in the above-entitled actions has been granted and the cases have been combined and this order will dispose of both actions. Defendants admit valid service of the summons, but claim that the documents sought by the Internal Revenue Service are privileged.

The facts of the case are simple. Joseph T. Bretto consulted I. R. Galob, an attorney, concerning a will for Bretto. The possibility of a will which provided for a trust was discussed. Mr. Galob contacted the defendant Northern City National Bank (herein referred to as bank) and arranged a meeting with Mr. Chabot, an officer, and Mr. Kreager, Jr., an employee of the bank, to discuss the will. Bretto and Galob met with Chabot and Kreager and during the meeting Bretto's financial condition was revealed to Messrs. Chabot and Kreager. A subsequent meeting was attended by Mr. Bretto and Mr. Galob. All correspondence with the bank was through Mr. Galob; following which a rough draft of the will was sent by the bank to Mr. Galob who then prepared the final draft and had it executed by Mr. Bretto.

The Internal Revenue Service summoned the bank's records having to do with Bretto as part of plaintiff's investigation.

It appears that the bank provides services such as that described above without charge to attorneys. Mr. Chabot is a vice-president of the bank and an attorney, but limits his law practice. Mr. Kreager is not an attorney.

 The parties agree that Minnesota law applies.[1] The attorney-client privilege is defined in Minnesota Statutes Annotated § 595.02(2). The statute prevents disclosure by an attorney or his employee of confidential communications.[2] In the present case the bank is not an attorney or an employee of an attorney. Persons necessary to communications between an attorney and his client also come under the privilege doctrine.[3] The most common example of a necessary party would be an accountant who assists an attorney by clarifying the client's financial affairs so that the attorney may properly advise his client. As a vice-president of the bank communicating with Mr. Galob, as in the instant case, does privilege apply to Mr. Chabot here?

 The matters here considered do not appear to involve an accounting problem. The function of the bank was to provide an estate plan for Bretto. This is not a legal function contemplated by Minnesota Statutes Annotated § 595.-02(2), supra. Mr. Chabot and Mr. Kreager were not essential to the communication between Mr. Bretto and Mr. Galob. They did nothing to clarify information supplied by Bretto that would assist Mr. Galob in advising Bretto. Privilege does not apply.[4] There is no confidential relationship that would warrant the bank exercising privilege under the evidence of the instant cases.

Attorneys find the type of assistance here provided by defendant bank useful and no doubt many avail themselves of this type of service. However, the facts and circumstances of the case at bar indicate that the information given to the bank is not privileged and plaintiff may have access to such information in the manner provided by law.

The application for enforcement of summons is granted and the order to show cause heretofore issued on October 25, 1963 is discharged.

It is so ordered.

Defendants and intervenor, Joseph T. Bretto, are allowed an exception.

1. Baird v. Koerner, 9 Cir., 279 F.2d 623.

2. United States v. Judson, 9 Cir., 322 F. 2d 460; Schmitt v. Emery, 211 Minn. 547, 2 N.W.2d 413, 139 A.L.R. 1242.

3. Himmelfarb v. United States, 9 Cir., 175 F.2d 924.

4. Himmelfarb v. United States, supra note 3.